FLORAL TRADE COUNCIL OF DAVIS, CALIFORNIA, PLAINTIFF *v.* UNITED STATES, DEFENDANT, AND ASOCIACION COLOMBIANA DE EXPORTADORES DE FLORES, ET AL., DEFENDANT-INTERVENORS

Consolidated Court No. 90–06–00290

(Dated April 22, 1993)

*Stewart & Stewart* (*Eugene L. Stewart, Terence P. Stewart, James R. Cannon, Jr.* and *Amy S. Dwyer*), for plaintiff.

*Stuart E. Schiffer,* Acting Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (*Michael S. Kane*); *Patrick Gallagher,* Attorney Advisor, United States Department of Commerce, of counsel, for defendant.

*Akin, Gump, Hauer & Feld, L.L.P.* (*Patrick F.J. Macrory, Spencer S. Griffith* and *Lydia C. Lundstedt*) for defendant-intervenor, Flores Dos Hectareas.

*Arnold & Porter* (*Michael T. Shor* and *Susan G. Lee*) for defendant-intervenors, Asocolflores, et al.

## OPINION

RESTANI, *Judge:* Defendant-intervenor, Flores Condor de Colombia ("Condor"), has moved for rehearing of the portion of the court's determination in *Floral Trade Council v. United States,* 16 CIT 1014, Slip Op. 92–213 (Dec. 1, 1992) that specifically applies to it. Although Condor's rehearing request was based on matters that could have been raised with greater specificity before the court's original determination, the court determined it would rehear the issue, largely because both Condor and the government are responsible for confusing the issue. *See* Order of February 11, 1993.

To that end, the court received further briefing. The issue of concern is whether, in calculating cost of production for foreign market value purposes, the International Trade Administration ("ITA") of the Department of Commerce conducted this antidumping duty review in such

a manner as to deny amortization treatment for preproduction costs, if such costs were expensed in the company's records. ITA could produce no evidence that it did so prior to the remand proceedings. In the remand proceedings, ITA denied amortization to three companies which stated that they used expensing rather than amortization in their ordinary business records.

The question of what ITA did in the original review with regard to preproduction costs of other parties remains a mystery. The court believes it is inappropriate to rely, as ITA requests, on testimony from ITA employees about what they believed they did. In all but the rarest cases, ITA's conduct must be judged solely on the record developed prior to the determination at issue. This is neither an unusual situation, nor do the interests of justice require further development of the record.

The problem here is that a number of companies appear to have expensed preproduction costs in certain business records, but may have amortized them in other business records or even solely for purposes of their antidumping responses. For some of these companies, all sides appear correct and incorrect at the same time, because parts of the questionnaire responses seem to say different things. In any case, all of these companies received *amortization* treatment.

The underlying difficulty began when ITA misstated its policy in the Remand Results of May 5, 1992, to the effect that amortization of preproduction costs was not permitted *at all*. With a few bumps along the way, it finally amended that statement to indicate that for purposes of the review at issue amortization was allowed if it was the practice followed in the company's ordinary business records. As stated previously, this is by no means clear from the record. Of course, the whole policy has been abandoned for subsequent reviews and amortization is now preferred.

The court finds that there is no appropriate way to establish exactly what ITA's policy was for purposes of the original stages of the review. As amortization of preproduction costs is obviously now considered a fair and accurate way to calculate cost of production and Condor was denied this treatment while others seemingly in the same position received it, it should be granted the adjustment. While this may create some inconsistencies, it appears the fairest course of action to follow in this situation.

So ORDERED. ITA will perform the recalculation within thirty days. If no objection to the calculation is filed within ten days thereafter, this matter will be concluded.